## In re HYERS.

(District Court, E. D. New York. March 26, 1925.)

Bankruptcy ⚖=413(3)—Specification of objections to discharge held sufficient.

Specification of objections by creditors to discharge of a bankrupt held sufficient.

In Bankruptcy. In the matter of John S. Hyers, bankrupt. On exceptions by bankrupt to specification of objections to his discharge. Exceptions overruled.

Zalkin & Cohen, of New York City (Moses Cohen, of New York City, of counsel), for bankrupt.

Saul S. Myers, of New York City (Bernard Hershkopf, of New York City, of counsel), for specification creditors.

GARVIN, District Judge. The bankrupt has excepted to six specifications of objections to his discharge in bankruptcy, filed by certain of his creditors. These six specifications under objection are as follows:

(4) At a time subsequent to the first day of the four months immediately preceding the filing of the petition in bankruptcy herein, the exact time being unknown to the specification creditors at the present time, because of the fact that the bankrupt has either destroyed or is concealing his books, or has failed to keep proper books, the bankrupt concealed from certain of his creditors, to wit, certain subcontractors, whose names are hereinafter given, large sums of money, with intent to hinder, delay, and defraud his creditors in the manner following; that is to say: The bankrupt, at various times during the said four months' period immediately preceding bankruptcy herein, collected the following sums of money from N. J. Hess for the specific purpose of paying the same over immediately to the said subcontractors, whereas in truth and in fact the bankrupt concealed from those subcontractors the receipt of those moneys and used the moneys for his own purposes. The concealment continued right down to the voluntary bankruptcy proceeding herein.

| Name of Subcontractor to whom the Money was Supposed to Have Gone. | The Amount. |
|---|---|
| Alexander & Reid Co. | $ 41.95 |
| Atlas Marble & Slate Works | 7.10 |
| William J. Erbe | 332.00 |
| Fager Sheet & Metal Works | 469.00 |
| Globe Iron Works, Inc. | 264.00 |
| Hull, Grippen & Co. | 184.16 |
| Kalt Lumber Co. | 453.13 |
| S. Molnar | 185.00 |
| Mulliken & Dietrich | 51.50 |
| Sargent & Co. | 260.55 |
| Irving Underhill | 159.50 |
| | $2,407.89 |

(5) At a time subsequent to the first day of the four months immediately preceding the filing of the petition in bankruptcy herein, the bankrupt concealed large sums of money from his creditors, with intent to hinder, delay, and defraud his creditors, in the manner following; that is to say: During various times within the said four months, the exact time being unknown to the specification creditors at the present time, because of the fact that the bankrupt has either destroyed his books, or is concealing the same, or failed to keep proper books, the bankrupt collected upwards of $10,000 from various persons, including N. J. Hess, for the pretended purpose of using the same for the purpose of paying pay rolls on various work being performed by the bankrupt for those persons; whereas, in truth and in fact he did not use the money for those purposes, and concealed the same from his creditors, and is still concealing the same.

(6) The bankrupt obtained money on credit upon a materially false statement in writing made by him to N. J. Hess for the purpose of obtaining credit from such person in the manner following; that is to say: On August 6, 1923, and on August 30, 1923, and on October 2, 1923, the bankrupt presented to N. J. Hess various requisitions in respect of work then being performed by the bankrupt for N. J. Hess

on the premises known as No. 31 West Fifty-Fourth street, in the city of New York, and on the premises known as No. 59 East Fifty-Second street, in the city of New York. Upon the strength of those statements the bankrupt received the following sums of money from N. J. Hess, to wit:

On August 7, 1923.................$ 6,236.77
On September 5, 1923.............. 6,351.88
On October 8, 1923........ ...... 11,615.76
On November 2, 1923.............. 419.25
On November 14, 1923............. 50.00

The said statements were in writing, and were made by the bankrupt to N. J. Hess, or Miss Kidd, his representative, and were made for the purpose of obtaining credit from N. J. Hess, and such credit was obtained as above stated. The said requisitions were, each of them, materially false in the manner following; that is to say:

(a) The bankrupt duplicated his commission charges on each successive requisition.

(b) The bankrupt represented that he had paid large sums of money to various subcontractors, which was untrue, as hereinabove shown in No. 4. Other sums were collected and not turned over, but the exact amounts are at the present time unknown to the specification creditors. Reference to the said requisitions is hereby made with the same force and effect as if the same were annexed hereto. The requisitions were likewise false, in that they stated that various sums of money had in fact been paid for labor, material, subcontractors, trucking, hardware, etc., and the said statements were false in many particulars.

(7) The bankrupt committed an offense punishable by imprisonment as provided in section 29 of the National Bankruptcy Act in that the bankrupt concealed while a bankrupt, from his trustee in bankruptcy herein, the property belonging to his estate in bankruptcy herein, to wit, all of the property hereinabove referred to.

(8) The bankrupt committed an offense punishable by imprisonment, as provided in section 29 of the National Bankruptcy Act, in that the bankrupt made a false oath and account in and in relation to the proceeding in bankruptcy herein, in that the bankrupt swore in his schedules on July 21, 1924, that schedule A was a statement of all his debts; whereas, in truth and in fact the bankrupt owed various sums of money to N. J. Hess, which he did not schedule as an indebtedness, which claim is made up of moneys obtained by the bankrupt by fraud, and which amount is in excess of $5,000.

(9) The bankrupt committed an offense punishable by imprisonment, as provided in section 29 of the National Bankruptcy Act, in that the bankrupt made a false oath and account in and in relation to the proceeding in bankruptcy herein, in that the bankrupt swore in his schedules on July 21, 1924, that schedule B was a statement of all of his estate, both real and personal; whereas, in truth and in fact the bankrupt had various moneys, all of which are hereinabove more fully referred to, which he failed to schedule.

The exceptions thereto are upon the ground that none of the objections states any act which would be a bar to the bankrupt's discharge. Specifications numbered 4 and 5 are based upon section 14b, subd. 4, of the Bankruptcy Act (Comp. St. § 9598), which provides that a discharge will not be granted to a bankrupt who "at any time subsequent to the first day of the four months immediately preceding the filing of the petition * * * concealed * * * any of his property, with intent to hinder, delay, or defraud his creditors." These specifications properly set forth an act set forth in said section.

Specification No. 6 sets forth a plain charge that the bankrupt obtained money on credit upon a materially false statement in writing. The specification alleges the requirement of section 14b, subd. 3, of the Bankruptcy Act, and is sufficient.

Specifications numbered 7, 8, and 9 (No. 8 does not seem to be discussed in bankrupt's briefs) set forth acts which are grounds for denial of a discharge under section 14b, subd. 1, of the Bankruptcy Act. It may well be that the proof adduced will not warrant sustaining the exceptions after a hearing, but the court is of the opinion that charges of this character should be heard on the merits. The decision about to be announced is made with permission to the bankrupt to move, before the referee to whom the specifications are referred, to dismiss the same, after proof has been taken, upon any ground which he may advance.

The bankrupt's exceptions are overruled, and the objecting creditors may amend as they pray in their brief. By the proposed amendments the wording of the specifications involved may be somewhat clearer. No one is prejudiced. Settle order on notice.